IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERONICA MATTHEWS | § | CIVIL ACTION NO. _____ |
| | § | |
| VS. | § | |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | DEFENDANT DEMANDS A JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant WAL-MART STORES TEXAS, LLC ("Defendant"), and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case from the 189th Judicial District Court, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

### I. INTRODUCTION

1. On November 25, 2019, Plaintiff Veronica Matthews ("Plaintiff") commenced an action in the 189th Judicial District Court, Harris County, Texas, captioned, Cause No. 201984784; *Veronica Matthews vs. Wal-Mart Stores Texas, LLC*. *See* Exhibit A, Plaintiff's Original Petition.

2. Plaintiff claims that he suffered personal injury damages as a result of an alleged incident (the "Incident") that occurred on or about March 28, 2019 at Walmart Store No. 2066 (the "Store") in Houston, Texas. Exhibit A at 2.

3. On December 23, 2019, Defendant timely filed its Original Answer and Jury Demand. Plaintiff's Original Petition did not include a jury demand.

## II. STATEMENT OF GROUNDS FOR REMOVAL

4.      The aforementioned state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and it may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, because it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists between the parties.

## III. PROCEDURAL REQUIREMENTS FOR REMOVAL

5.      Upon filing of this Notice of Removal, Defendant gave written notice of the filing to Plaintiff and her counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court of the 189th Judicial District Court, Harris County, Texas, where this cause was originally filed. Copies of all processes, pleadings, and orders have been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

6.      Removal is timely as the first date upon which Defendant or its agents received Plaintiff's Original Petition and Citation was December 3, 2019, which is less than 30 days before this removal notice. 28 U.S.C. § 1446(b).

## IV. VENUE

7.      This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

## V. CITIZENSHIP OF THE PARTIES

8.      According to his Original Petition, Plaintiff is a natural person residing in Harris County, Texas. Exhibit A at 1.

9.      Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which its partners or

members are citizens. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004).

10. Defendant Wal-Mart Stores Texas, LLC is, and at the time of filing of this action was, a limited liability company existing under the laws of the State of Delaware with its principal place of business in the State of Arkansas. The sole member of Defendant Wal-Mart Stores Texas, L.L.C. is Wal-Mart Stores East, L.P., a Delaware limited partnership with its principal place of business is in the State of Arkansas. Wal-Mart Stores East, L.P. is comprised of general partner, WSE Management, L.L.C., and limited partner, WSE Investment, L.L.C., both of which are Delaware limited liability companies with their principal places of business in the State of Arkansas. The sole member of WSE Management, L.L.C. and WSE Investment, L.L.C. is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in the State of Arkansas.

11. The citizenship of the parties as alleged above existed at the time the underlying action was commenced and remain unchanged at the time of removal.

## VI. PLAINTIFF'S ALLEGATIONS

12. Plaintiff asserts that on March 28, 2019, he sustained personal injuries at the Store. *See* Exhibit A. More specifically, Plaintiff alleges that, while walking through the Store, she "slipped/tripped in a substance left standing on the floor, landed forcefully on the ground and sustained severe and extensive injuries to her body." *Id*. at 2. Plaintiff brings forth causes of action against Defendant for negligence. *Id*. at 3-6.

## VII. JURISDICTIONAL BASIS FOR REMOVAL

13. Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over civil actions in which the parties are citizens of different states, and the amount

in controversy exceeds $75,000.00. The removing defendant has the burden to show that proper federal diversity jurisdiction exists to sustain removal. *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

14.     The relevant jurisdictional facts are to be judged as of the time of removal. *Id*. Subsequent events, such as filing an amended complaint specifically reducing the amount of damages sought, cannot deprive the court of jurisdiction once it has attached. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

**A.     Amount in Controversy Exceeds $75,000.00.**

15.     When a plaintiff does not allege a specific amount of damages, defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Id*. at 881. A defendant can carry its burden by showing that it is either facially apparent from a plaintiff's petition that the plaintiff's claims are likely to exceed $75,000.00, or by presenting summary judgment-type evidence that the amount in controversy is likely to exceed the jurisdictional minimum. *Id.*; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Such "tests are applied in order, and only if the "facially apparent" test is not met, do we require "summary judgment" type evidence of the amount in controversy." *See Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226, *2–3 (5th Cir. 2002).

16.     In a case such as this one, where Plaintiff has specifically pled a damages range greater than $75,000, and alleges "severe and extensive" injuries, it is considered facially apparent that the amount in controversy exceeds $75,000. *See Gebbia*, 233 F.3d at 881; Exhibit A at 2, 9. In her Original Petition, Plaintiff states that she is seeking "monetary relief over $200,000 but not more than $1,000,000.00." Exhibit A at 9. Plaintiff also intends to conduct discovery under Level 2 of Rule 190 of the Texas Rules of Civil Procedure. *Id*. at 1.

17.  Plaintiff seeks damages based on past and future: medical expenses, physical pain, suffering, mental anguish, physical impairment, and disfigurement. *Id*. at 6-8. Plaintiff also seeks damages for past lost wages and loss of future earning capacity. *Id* at 7. Additionally, Plaintiff seeks exemplary and punitive damages as well as prejudgment interest. *Id*. at 8.

18.  Thus, it is facially apparent from Plaintiff's Original Petition that she is seeking damages in a six-figure amount, exceeding the $75,000.00 threshold. *Id*. at 6-10. Consequently, the Court can find that the amount in controversy requirement has been satisfied in order for this case properly removed.

### B.  Diversity of Citizenship

19.  As set forth, *supra*, Plaintiff is a citizen of the State of Texas, and Defendant is a citizen of the State of Arkansas and the State of Delaware. There are no non-diverse parties present in this action. Therefore, Defendant has satisfied the complete diversity requirement of its removal burden.

### VIII. CONCLUSION

20.  Based on the foregoing, Defendant has established that the amount in controversy exceeds $75,000.00. Additionally, Defendant has established that complete diversity of citizenship exists between the parties. Therefore, the Court should find that removal is proper in this case.

### IX. PRAYER

WHEREFORE, Defendant WALMART STORES TEXAS, LLC prays that this Court find that the above-styled action now pending in the 189th Judicial District Court, Harris County, Texas, be removed therefrom to this Honorable Court.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

_/s/ John A. Ramirez_
John A. Ramirez
State Bar No. 00798450
Federal ID No. 21280
Steven J. Maguire
State Bar No. 24106238
Federal ID No. 3172295
5615 Kirby Drive
Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile: (713) 622-8077
jramirez.atty@bushramirez.com
smaguire.atty@bushramirez.com

**ATTORNEYS FOR DEFENDANT, WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 2nd day of January, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jeffrey N. Todd
THE TODD LAW GROUP, PLLC
12929 Gulf Freeway
Suite 301
Houston, Texas 77034
jeff@jefftoddlaw.com

                                                             */s/ John A. Ramirez*
                                                             John A. Ramirez